**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RETHA CONNORS, individually and on behalf of all other similarly situated,** | ) | |
| **Plaintiffs,** | ) | **Case No. 26-cv-1047-SMY** |
| **vs.** | ) | |
| **ST. PAUL'S SENIOR COMMUNITY, LLC,** | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief District Judge:**

Pending before the Court is Defendant St. Paul's Senior Community's Motion to Withdraw Notice of Removal (Doc. 10). For the following reasons, the motion is **GRANTED**.

Plaintiff initially filed this putative class action in the Circuit Court of the Twentieth Judicial Circuit of Illinois on June 30, 2026, alleging violations of Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* (Doc. 1-1). Defendant timely removed to federal court by filing its Notice of Removal on August 5, 2026. Defendant now seeks to withdraw its notice and moves for an order remanding this case to state court. Because "federal courts are duty-bound to exercise the jurisdiction granted by Congress," *City of Fishers v. DIRECTV*, 5 F.4th 750, 759 (7th Cir. 2021), the Court directed Plaintiff to file a response clarifying whether the Court had subject-matter jurisdiction over this case. Having now considered Plaintiff's response, the Court agrees that it lacks jurisdiction over this dispute.

BIPA authorizes a private right of action for anyone aggrieved by the unlawful collection or disclosure of their biometric information in violation of the Act. 740 ILCS 14/20. The Act provides statutory damages of $1,000 for every negligent violation, or $5,000 for every reckless

or intentional violation. *Id.* The Illinois legislature amended BIPA in 2024 to clarify that a defendant who collects and/or discloses biometric information from the same person in more than one instance in violation of the Act "has committed a single violation … for which the aggrieved person is entitled to, at most, one recovery[.]" 740 ILCS 14/20(b)-(c). The Seventh Circuit later held that this amendment applied retroactively to violations that occurred prior to the amendment's enactment. *Clay v. Union Pac. R.R. Co.*, 171 F.4th 975, 984 (7th Cir. 2026).

Here, Plaintiff alleges that Defendant used a timekeeping system that collected and stored her biometric data without first obtaining a written release (Doc. 1-1). Thus, under the 2024 BIPA amendments, Plaintiff would be entitled to a maximum of $5,000 in damages, which falls short of $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a).[1] Nor do Plaintiffs claims satisfy the jurisdictional requirements of the Class Action Fairness Act, which requires an amount in controversy of $5,000,000. § 1332(d)(2). Defendant estimates there were approximately 255 class members within the relevant statute of limitations. Therefore, the maximum potential damages would be approximately $1,275,000. This case will therefore be remanded.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Withdraw Notice of Removal (Doc. 10) is **GRANTED.** This case is **REMANDED** to the Twentieth Judicial Circuit of Illinois.

**IT IS SO ORDERED.**

**DATED: October 5, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

[1] Plaintiff's claims cannot be combined with the proposed class to satisfy traditional diversity jurisdiction. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).